IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRADLEY C. BURCHFIELD                                    PLAINTIFF

v.                              No. 4:21-cv-339-DPM

CLARK, Deputy, Pulaski County Jail;
ERIC HIGGINS, Sheriff, Pulaski County;
RODRIGUEZ, Detective, North Little
Rock Police Department;  ASA
HUTCHINSON, Governor, Arkansas;
LESLIE RUTLEDGE, Attorney General,
Arkansas;  JACK MA, Owner, Alibaba.com;
DAVID ZHANG, CEO, Alibaba.com;
JEFF BEZOS, Owner, Amazon.com;
TIMOTHY J. SHEA, DEA, Director;
GINA HASKELL, CIA, Director;
CHRISTOPHER WRAY, Director, FBI;
ROBERT R. REDFIELD, Director, CDC;
JAMES M. MURRAY, Director, U.S. Secret
Service;  TRENT DANIELS, U.S. Prosecuting
Attorney/Deputy Prosecuting Attorney;
MERRICK GARLAND, U.S. Attorney General;
DEXTER PAYNE, Director, ADC;  JERRY BRADSHAW,
Director, ACC;  BRYAN ACHORN, United States
Prosecuting Attorney;  AXCIOM CHEMICAL;
XINDU BIO-TECH;  DOES, 1-4 NLRPD Officers,
Nurse with PCFD, Arkansas Bar Association
Members, General Assembly of Arkansas
Members                                                 DEFENDANTS

## ORDER

1.      Burchfield's application to proceed *in forma pauperis*, *Doc. 1*, is granted.  He reports homelessness and no assets.

2.      There's a potential recusal issue.  Burchfield names all members of the Arkansas Bar Association (in their official and individual capacities) as defendants.  I'm a member.  But there are no particularized allegations that make any plausible claims against Association members.  I conclude, therefore, that my impartiality could not reasonably be questioned.  28 U.S.C. § 455(a).

3.      The   Court   must   screen   Burchfield's   complaint. 28 U.S.C. § 1915(e)(2).  He is currently facing criminal charges for drug possession.  Burchfield cites many federal statutes in support of his claims that he is being prosecuted unfairly while defendants are allowed to sell (or ignore the sale of) isopropylbensylamine without similar consequences.  The pending charges create hurdles for his case. First, with inapplicable exceptions, this Court will not intervene in an on-going state criminal case.  *Younger v. Harris*, 401 U.S. 37 (1971); *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1254 (8th Cir. 2012).  A stay of this case would usually issue until the state charges are resolved. Second, the Court cannot award damages under § 1983 related to a state prosecution unless the conviction has been invalidated.  *Heck v. Humphrey*, 512 U.S. 477 (1994).  Third, Burchfield's claims duplicate those made in other pending federal cases.  Burchfield has made his

unfair-prosecution claims three times in the Western District of Arkansas, and a recommended disposition is currently pending there. *See Burchfield v. McCormick, et. al*, No. 6:20-cv-06121 (*Doc. 8*) (W.D. Ark.); *Burchfield v. Jones, et. al*, No. 6:20-cv-06135 (*Doc. 19*) (W.D. Ark.; *Burchfield v. Jones, et. al*, No. 6:20-cv-06150 (*Doc. 10*) (W.D. Ark.). Burchfield's duplicative claims are therefore dismissed without prejudice. *Blakley v. Schlumberger Technology Corp.*, 648 F.3d 921, 932 (8th Cir. 2011).

Burchfield makes a plausible excessive force claim against defendant Clark and the Doe NLRPD Officers. "Clark and 5 other officers" nearly broke his wrists during intake on 1 March 2020, at the Pulaski County Jail. *Doc. 2 at 6*. Burchfield says he no longer has feeling in his fingers, which prevents him from pursuing his profession as a welder. That claim alone goes forward.

The Court directs the Clerk to issue summons for Pulaski County Jail Deputy Clark. The Marshal must serve Clark with a summons, a copy of the complaint, *Doc. 2*, and a copy of this Order without prepayment of fees and costs, by certified mail with a return receipt requested and delivery restricted. FED. R. CIV. P. 4(j)(2)(B); ARK. R. CIV. P. 4(f)(14).

The Court reminds Burchfield that all defendants, including Doe defendants, must be served within ninety days of the filing of the complaint unless the Court extends that period for good cause. It is his

responsibility to identify all defendants, including Doe defendants. When appropriate, the Court will order service on all properly identified defendants, but Burchfield is also responsible for providing valid service addresses for each of them.

All defendants except Clark and the Doe NLRPD Officers are dismissed without prejudice.

So Ordered.

_DPMarshall Jr._

D.P. Marshall Jr.
United States District Judge

_13 May 2021_

- 4 -